## COMMONWEALTH *vs.* WILLIAM HUDSON.

On the trial of an indictment, it is competent to prove that the defendant had a motive peculiar to himself to commit the crime charged.

On the trial of an indictment for burning a building containing a stock of goods belonging to the defendant, on which, a few weeks previously, he had procured insurance against loss by fire, *Held*, that evidence that the value of the goods was much less than the amount for which they were insured was admissible to show that the defendant had a motive to commit the crime charged, although the goods were not injured by the fire.

INDICTMENT for burning on January 25, 1867, in the night-time, a dwelling-house, alleged to be the property of one Aaron H. Allen, but occupied by the defendant himself. Trial, in the superior court, before *Russell*, J., who signed the following bill of exceptions:

" The defendant kept a provision store in a room in same building, adjoining the tenement occupied by him and his family as a tenant at will of said Allen. There was insurance by the defendant on his stock of provisions and furniture for three hundred dollars each, which he obtained in December 1866. No part of the property insured was injured or destroyed by fire.

" The government called, as a witness, one Chamberlin, a deputy sheriff, auctioneer and expert, as to the value of such property, who, five days after the fire, by virtue of a writ against the defendant, attached said stock of provisions, and sold the same; and inquired as to the value of said stock and furniture, for the purpose of showing that it was worth much less than the amount insured in the policy, and so that the defendant had a motive for the act charged; to which the defendant objected as immaterial; but the judge admitted the evidence. The government also called, as a witness, one Nutting, an expert in the value of furniture and provisions, one of the appraisers under said deputy sheriff, and inquired the value of the property so insured; to which the defendant objected as immaterial; but the judge admitted the evidence.

" The jury found the defendant guilty; and he alleged exceptions. The defendant also filed a motion in arrest of judgment which was overruled."

This motion in arrest of judgment was for the alleged reason that " the general and special property in said dwelling-house was in the defendant, and not in said Allen."

*W. P. Harding*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth, submitted the case without argument.

HOAR, J.   The defendant's motion in arrest of judgment cannot avail him : 1. Because a variance between the allegations in the indictment and the proof is not the subject of a motion in arrest of judgment ; 2. Because a motion in arrest of judgment, for any cause existing before verdict, except for matters affecting the jurisdiction of the court, is prohibited by the St. of 1864, c. 250, § 3 ; and 3. Because no exception was taken to the order overruling the motion.

The only exception before us is that taken to the admission of evidence.   Evidence was admitted to show that the defendant had a strong pecuniary motive to commit the crime with which he was charged.   This evidence we think was admissible.   It tends to repel the presumption which exists, in addition to the general presumption of innocence, that a man will not commit a crime without reason, inducement or temptation. The evidence should undoubtedly bě of a motive peculiar and special to the person accused.   *Commonwealth* v. *Brady*, 7 Gray 320.   But, when it is of this character, it is admitted even on trials for murder.   *Commonwealth* v. *Webster*, 5 Cush. 295.   The evidence in that case that the person who was killed had been persistently pressing the defendant for payment of a debt which he had no means to pay, was admitted without question.   See also Roscoe Crim. Ev. 88; *The State* v. *Zellers*, 2 Halst. 220 *Hendrickson* v. *The People*, 1 Parker Crim. Cas. 406.

*Exceptions overruled.*