JEREMIAH BURNHAM *vs.* DAVID PARKHURST.

In an action on a promissory note, the defendant alleged payment, and produced at the trial a receipt signed by the plaintiff for an amount corresponding with the sum due on the note; and the plaintiff admitted his signature, but contended that the amount of the receipt had been fraudulently altered and increased. *Held*, that it was competent for the defendant to show that the receipt was in its present condition soon after it was signed, and before the action was brought, both to disprove any motive on his part to such an alteration, arising from the pendency of the action, and also as having some tendency to prove that it was in the same condition when it was signed.

CONTRACT on four promissory notes. Writ dated December 3, 1869. The answer alleged that the defendant had paid the notes. Trial and verdict for the plaintiff in the superior court, before *Lord*, J., who allowed a bill of exceptions of which the following is the material part:

"The defendant testified, at the trial, that in July 1869 he and the plaintiff agreed that there was due on the notes $1630 ; that on September 30, 1869, the plaintiff called on him at his

place of business, and asked if he was ready to settle; that after some conversation he handed to the plaintiff $1630 in bills, which the plaintiff counted and put in his pocket; that he then asked the plaintiff for the notes, and the plaintiff said he would bring them the next day or day after; and that the defendant then wrote a receipt for the amount, which the plaintiff signed. And the defendant produced and identified a receipt for ' sixteen hundred and thirty dollars,' dated September 30, 1869, as the one which the plaintiff signed. The plaintiff admitted his signature, and admitted receiving money from the defendant; but testified that the amount he received was only $30, and on a different claim, and that the words ' sixteen hundred ' on the receipt produced by the defendant, and also several other words thereon, were not upon it when he signed it.

" Two witnesses called by the plaintiff testified, among other things, to seeing the receipt some time after it bore date, and said it had not been altered since they then saw it. They were not called for the purpose of testifying in relation to the receipt, but to what the defendant had said in relation to it; and in answer to the defendant's counsel, on cross-examination, said they saw the receipt and that it had not been altered since then. The defendant's counsel, in arguing to the jury on the evidence of these witnesses, that the receipt, if altered at all, must have been altered before the plaintiff sued out his writ, was interrupted by the judge, who inquired whether the evidence of these witnesses was not rather that, hearing that the suit had been commenced, they called upon the defendant to ask about it, and the defendant then showed them the receipt.

" After the plaintiff had testified that the receipt produced by the defendant had been altered since it was signed, the defendant called a witness, who testified that about October 1, 1869, (which time the witness fixed by saying that it was when he was going around collecting bills for rents which became due October 1,) he called at the defendant's shop on business; and that the defendant was there, and had spread out upon his desk, and was looking over a large number of receipts and bills, searching for this receipt. The receipt was then shown to this witness, who

said that he saw it upon the occasion when he called at the shop. The defendant then offered to show by this witness that the receipt was the same when the witness then saw it as when shown to him upon the stand. But the judge stated that in his opinion the fact that the receipt was in its present form at the time spoken of by the witness had no tendency to show that it was in its present condition when signed, and he supposed it was offered for that purpose only. No reason was given for its admission, nor was the defendant himself called upon for any reason for its competency, except by such remark of the judge before ruling. The evidence was rejected, and the defendant excepted."

*R. H. Dana, Jr., & L. S. Dabney,* for the defendant.

*S. B. Ives, Jr.,* ( *W. H. Perrin* with him,) for the plaintiff. Evidence of the condition of the receipt on October 1 had no tendency to prove its condition on September 30. *Elsam* v. *Faucett,* 2 Esp. 562. *Bamfield* v. *Massey,* 1 Camp. 460. *Dodd* v. *Norris,* 3 Camp. 519. *Boynton* v. *Kellogg,* 3 Mass. 189. The case is not within the reason of the rule in *Chamberlain* v. *Enfield,* 43 N. H. 356, and *Todd* v. *Rowley,* 8 Allen, 51, where similar evidence was admitted to prove the existence of a habit. No exception lies on any other ground to the rejection of the testimony. *Commonwealth* v. *Stahl,* 7 Allen, 303.

MORTON, J. The principal question in this case was whether the defendant had fraudulently altered the receipt signed by the plaintiff. The receipt was dated September 30, 1869. The defendant offered to show by a witness who saw the receipt on or about October 1, 1869, that it was then in the same condition in which it was at the time of the trial. We are of opinion that this testimony was admissible.

When a person is charged with a crime, it is competent to prove that he had a motive to commit it. *Commonwealth* v. *Hudson,* 97 Mass. 565. It is a reasonable presumption that a man will not commit a crime without inducement or temptation. If a strong motive is proved to exist, it strengthens the probability of the guilt of the accused person. If no motive, or a less powerful one, is shown, it destroys or weakens this probability, and the mind naturally requires more evidence to satisfy it of his guilt.

In the case at bar, the defendant had been pressed to pay, and had been sued for, a large amount. He defended by producing the receipt which is alleged to have been altered. The plaintiff might legitimately argue to the jury, that the defendant, after he was sued, was under a strong and peculiar temptation to alter the receipt. To meet this argument, and to rebut any inference which the jury might draw from this supposed motive, the defendant had the right to show that the receipt was in its present form soon after its date and before the suit. This fact, it is true, does not show the absence of any temptation to commit the offence, but it disproves the existence of the stronger and more controlling motive created by the pressure upon the defendant to pay the debt, and the excitement of a suit.

The argument of the plaintiff's counsel that this exception is not open to the defendant cannot prevail. The evidence was offered upon the ground that it had some tendency to show that the receipt was in its present condition when signed ; it was competent upon this ground. The fact that the defendant gave no reasons for its admission does not deprive him of the right to insist upon his exception.          *Exceptions sustained.*