## COMMONWEALTH *vs.* LEVI BRADFORD.

Hampshire.   Sept. 17. — Nov. 18, 1878.   ENDICOTT & SOULE, JJ., absent.

On the trial of an indictment for the malicious burning of a building on a certain day, it is competent for the government to show, on the question of the intent with which the defendant burned the building on that day, that the defendant set fire to the same building three days before.

On the trial of an indictment for the malicious burning of a building, the voluntary testimony of the defendant before a fire inquest, reduced to writing and signed by him, is admissible against him.

On the trial of an indictment for the malicious burning of a building, after it has appeared that the defendant had conveyed the building to his sons, subject to a

mortgage made by him, they assuming to pay the mortgage note, evidence that, a month before the fire, the defendant suggested to an insurance broker that there should be an increase of insurance on the building, is admissible to show that he had a motive to commit the offence.

INDICTMENT in three counts. The second count, upon which alone the defendant was convicted, charged that the defendant, on February 14, 1878, at Williamsburg, "feloniously, wilfully, and maliciously did set fire to, burn, and consume a certain grist mill and shop there situate, of the property of Herbert L. Bradford and Gilbert M. Bradford, of said Williamsburg; which grist-mill and shop was then, to wit, at the time of committing the felony aforesaid, insured against loss and damage by fire, with intent of him the said Levi Bradford thereby then and there to injure a certain insurance company called the Springfield Fire and Marine Insurance Company, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

At the trial in the Superior Court, before *Gardner*, J., the government offered evidence tending to show that the two sons of the defendant, named in the indictment, owned a grist-mill and shop, situate in Williamsburg, which was burned on February 15, 1878; that the same had been conveyed to them by the defendant, by deed dated September 1, 1875, subject to a mortgage made by him to the Haydenville Savings Bank, dated February 15, 1875, to secure his note for $2400 payable on demand; that it was understood that the two sons were to assume payment of this mortgage note; that a brother of the defendant was surety upon this note, and desired to be released therefrom; that payment had been demanded of the defendant by the bank; that the defendant, on January 30, 1878, had promised to pay the note on February 10 following, or a few days after; that there were two policies of insurance upon the property burned, one of which, for $2000, was made by the Springfield Fire and Marine Insurance Company of Springfield, dated May 30, 1877, for the term of one year; and that the bank received from this insurance company, on April 28, 1878, $1797.30, which it applied in part payment of the defendant's note. The evidence relied on by the government to convict the defendant was circumstantial.

The government also offered evidence tending to show that

about seven o'clock in the evening of February 12, 1878, the defendant set the mill on fire, which fire was discovered by a neighbor and extinguished. The defendant objected to this evidence, but the judge admitted it, carefully instructing the jury, as requested by the defendant, as to its effect and purpose, and that the only use to which the jury could apply it was as to the intent with which the defendant burned the mill on February 15, as charged in the indictment, if they found him guilty of such burning.

The government also put in evidence a written statement of evidence given by the defendant at a fire inquest, held after the property was burned, which was read over to and signed by him. The defendant objected to all that part thereof relating to the fire of February 12. It was not contended by the defendant that this statement was not made by him voluntarily.

George F. Smith, an insurance broker, testified, subject to defendant's exception, that on January 11, 1878, he had a talk with the defendant at Williamsburg, in which the defendant said the boys were not fully insured, and could n't he go up and see the boys about it.

The jury returned a verdict of guilty on the second count; and the defendant alleged exceptions.

*C. Delano*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

COLT, J. The defendant was indicted for wilfully and maliciously burning a building belonging to his two sons. The second count in the indictment charges an intent thereby to defraud the insurer. At the trial evidence was admitted in support of the indictment, against the defendant's objection, tending to prove that the defendant set fire to the same mill a few nights before, and that the fire was then discovered and extinguished by a neighbor.

The evidence was competent on the question of the intent with which the defendant subsequently burned the building, and committed the offence for which he was then tried. It was carefully limited to the single purpose for which it was competent. The unsuccessful attempt to do the same thing, a few days before, was evidence that the burning was wilful and intentional, and not the result of accident or negligence on the part of the defendant. It

was sufficiently near to the time of the commission of the offence charged, to justify the inference that the defendant then had a settled purpose in regard to it. It is a rule of criminal law, that evidence tending to prove a similar but distinct offence, for the purpose of raising an inference or presumption that the accused committed the particular act with which he is charged, is not admissible. But there was no invasion of this rule in the admission of this evidence. The intent and disposition with which one does a particular act must be ascertained from his acts and declarations before and at the time; and when a previous act indicates an existing purpose, which from known rules of human conduct may fairly be presumed to continue and control the defendant in the doing of the act in question, it is admissible in evidence. In many cases it is the only way in which criminal intent can be proved; and the evidence is not to be rejected because it might also prove another crime against the defendant. The practical limit to its admission is, that it must be sufficiently significant in character, and sufficiently near in point of time, to afford a presumption that the element sought to be established existed at the time of the commission of the offence charged The limit is largely in the discretion of the judge, and no error in law is here apparent.

The case at bar is not distinguishable upon this point from *Commonwealth* v. *McCarthy*, 119 Mass. 354, where, on the question of intent, the government was permitted to show that the defendant a few days before set fire to a shed, ten feet distant from the building burned, and connected therewith by a flight of steps. The defendant in that case was the owner of the building burned, while in this case the defendant had conveyed the property to his sons subject to his mortgage, which was paid in part from the avails of the insurance upon it. It is sufficient that under the second count the jury in this case must have found that the defendant wilfully burned the building with intent to injure the insurer, and this is enough whether he owned the building or not; and besides, the evidence was admissible without reference to the alleged intent to injure the insurer. See also *Thayer* v. *Thayer*, 101 Mass. 111.

The testimony of the defendant taken at the fire inquest was clearly admissible. It is objected " that a judicial oath adminis-

tered when the mind is agitated and disturbed by a criminal charge, or by suspicion of crime, may prevent free and voluntary mental action." But this objection, if there is anything in it, is not sustained as a matter of fact, for there is nothing in the case to show that he was, at the time his testimony was given, proceeded against criminally, or was then under suspicion of crime. The testimony was given voluntarily, and its weight must depend upon the circumstances under which it was given. *Commonwealth* v. *King*, 8 Gray, 501. *Commonwealth* v. *Reynolds*. 122 Mass. 454.

The defendant's conversation with the insurance broker in January, in which he suggested that there should be an increase of insurance, taken in connection with his liability on the mortgage note which the sons had agreed to assume, tended to show that he had a pecuniary interest in the insurance and a motive to commit the offence charged. *Commonwealth* v. *Hudson*, 97 Mass. 565.                          *Exceptions overruled.*