COMMONWEALTH *vs.* HARRY H. SELESNICK.

Suffolk.    May 20, 21, 1930. — July 16, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Burning Insured Property. Evidence,* Competency, Best evidence, Admissions, Remoteness, Presumptions and burden of proof. *Practice, Criminal,* Election between counts.

Upon an assignment of errors, alleged to have been committed at the trial of two indictments, in the first of which the defendant was charged as principal and in the second as accessory to the burning of a certain building and furniture with intent to defraud specified insurance companies, where the defendant was found not guilty as principal and guilty as accessory, it was *held,* that

(1) The full amount of insurance upon the defendant's property was properly to be considered in deciding whether the burning was induced by a desire to obtain cash in place of the property, and for that purpose evidence of policies, in force at the time of the fire and issued by other companies than those named in the indictments, properly was admitted;

(2) If the defendant feared that such evidence would lead the jurors to believe a design existed to defraud companies not named in the indictment, he should have asked that the evidence be confined

to its legitimate object: competent evidence is not made inadmissible because it may also be put to an improper use;

(3) It was permissible in proof of the charge made by the Commonwealth to show that, at the time of the fire, the defendant was in need of ready money to meet demands made upon his resources; and for that purpose the fact that the holder of the first mortgage upon his real estate had demanded payment of the principal was competent;

(4) To prove the demand by the mortgagee above described, a copy of a letter making it was admissible, due notice to produce having been given and the defendant later admitting that he had received such letter;

(5) A transcript of statements by the defendant at a hearing before the fire marshal, the defendant's counsel consenting to a use of the transcript certified by the stenographer, was admissible;

(6) An exception to the admission of such statements, merely because some of them related to a fire occurring several years before that described in the indictment, should not be sustained, where it appeared that the defendant did not direct the attention of the trial judge to those parts and ask that they be struck out or excluded and the jury instructed not to consider them;

(7) It was for the trial judge, in the exercise of his discretion, to decide whether to compel the Commonwealth to elect between the counts charging the defendant as principal and those charging him as accessory; and no abuse of discretion was shown;

(8) In the circumstances, the admission of testimony respecting a conversation in which the defendant stated to a creditor within two months before the trial, which occurred about a year after the fire, that he would pay him when he obtained his insurance, was not an improper exercise of discretion by the judge.

The record upon the appeal above described showed that there was no direct evidence that the defendant set the fire, and evidence that the defendant or members of his family had all the keys to the house; that the defendant had not been in the house for hours before it was found to be burning; that no one else was seen about the premises before the arrival of the firemen; that, when the defendant went away before the fire, he had left behind him a locked and vacant house; that, when the firemen arrived, they discovered three independent fires started; that there were no signs of forcible entry; and that conduct of members of the family seemed to show that, when they left the house, they planned to stay away; and it was *held*, that the judge was justified in denying a motion for a verdict of not guilty of being an accessory.

INDICTMENT, found and returned on May 13, 1929, and described in the opinion.

In the Superior Court, the indictment was tried with another before *Burns*, J., who ordered the trial to proceed under the provisions of St. 1926, c. 329. Material evidence

is stated in the opinion. The defendant was found guilty on one indictment and not guilty on the other. He appealed, assigning the errors described in the opinion.

*M. Caro & J. F. Barry*, for the defendant.

*F. M. J. Sheenan*, Assistant District Attorney, for the Commonwealth.

WAIT, J. The defendant was set to trial in the Superior Court upon two indictments. The first, in two counts, charged that he burned certain household furniture which was insured against loss or damage by fire in the Victory Insurance Company with intent to injure the insurer; and that with like intent he burned a certain building which was insured against loss or damage by fire in the Niagara Fire Insurance Company. The second indictment, also in two counts, charged one John Doe, whose true name and more particular description was unknown to the grand jurors, with the burnings of the personal and real property described, with intent to injure the insurers, and charged that the defendant did "incite, procure, aid, counsel, hire and command the said John Doe the said felony to do and commit." He was found guilty on the indictment charging him as accessory; and not guilty on that charging him as principal. The trial was had under St. 1926, c. 329. On appeal he has assigned twelve errors.

There was no dispute that he owned the building and the goods which were burned, and that they were insured in the insurance companies set out in the indictments. He assigns error in the refusal of the trial judge to direct a verdict in his favor; in the admission in evidence of policies of insurance in companies not named in the indictments; in the admission in evidence of a copy of a letter from the holder of a first mortgage upon the real estate demanding payment of the principal of the mortgage; in the admission in evidence of a transcript of statements at a hearing before the fire marshal showing that the defendant had suffered a loss from fire about five years before the fire here in question; in the admission of evidence that, within two months of the time of the trial, the defendant stated to a creditor that he would pay him when

he obtained his insurance; and in the refusal of the trial judge to compel the Commonwealth to elect between the counts charging him as principal and as accessory.

The full amount of insurance upon the defendant's property was properly to be considered in deciding whether the burning was induced by a desire to obtain cash in place of the property. For this purpose evidence of all policies in force at the moment was admissible. *Commonwealth* v. *Slocomb*, 260 Mass. 288, 291, 293. Competent evidence is not made inadmissible because it may also be put to an improper use. If the defendant feared that this evidence would lead the jurors to believe a design existed to defraud companies not named in the indictment, he should have asked that it be confined to its legitimate object. No request was made in regard thereto. No error appears.

It was admissible in proof of the charge made by the Commonwealth to show that, at the time of the fire, the defendant was in need of ready money to meet demands made upon his resources. For that purpose the fact that the holder of the first mortgage upon this real estate had demanded payment of the principal was competent. The letter making demand was competent. Notice to produce it was given; and there is nothing to show that the defendant was prejudiced by the shortness of the notice. Proof by copy was proper when it was not produced. See *Commonwealth* v. *Perry*, 254 Mass. 520, 527, 528. No prejudice resulted, as the defendant later admitted receipt of the letter. There is no force in the assignment of error in admitting the copy.

The statements made by the defendant at the hearing before the fire marshal were competent as admissions. *Commonwealth* v. *Bradford*, 126 Mass. 42, 45. In so far as they bore out his testimony he was not prejudiced by their admission. In so far as they contradicted him he had no just ground to object to them. His counsel consented to the use of the transcript certified by the stenographer. There was much in this testimony which was competent. If there were specific parts which the defendant wished to have excluded, it was his duty to direct the attention of

the trial judge to those parts and to ask that they be struck out or excluded and the jury instructed not to consider them. Not having done that, it is not now open to him to argue concerning them. *Commonwealth* v. *Johnson,* 199 Mass. 55, 61. *Commonwealth* v. *Anderson,* 220 Mass. 142, 145. *Claffey* v. *Fenelon,* 263 Mass. 427, 434.

It was for the trial judge, in the exercise of his discretion, to decide whether to compel the Commonwealth to elect between the counts charging the defendant as principal and those charging him as accessory. *Commonwealth* v. *Merrick,* 255 Mass. 510, is direct authority that the pendency of a charge as principal does not bar a charge as accessory before the fact to an unknown principal. The charges may stand together. We see no abuse of discretion in the refusal to compel election.

A witness was asked whether he had had any talk with the defendant within a couple of months. He stated that he had; and, after objection and exception, was allowed to answer to the question, "What was the talk that you had with him?": "I said to him, 'How can I get my money?' He said, 'When I get my insurance you will get your money, I will pay you all.'" The question was put and answered after a conference of counsel with the trial judge which is not reported. We assume that objection was claimed because a statement by the defendant made more than a year after the burning and after the indictments and when his pecuniary situation probably had changed, was too remote in time and too likely to have been dictated by considerations arising after the fire to be of evidentiary value in ascertaining the defendant's state of mind at the time of the burning. We assume, further, that the trial judge admitted the evidence in the exercise of his discretion. The defendant, properly, admits that such a statement if made at or about the time of the burning would be admissible on the question of intent. *Commonwealth* v. *Haddad,* 250 Mass. 391. *Commonwealth* v. *Bradford, supra.* Statements of a defendant, whenever made, are admissible in their nature, but courts exclude them if made after the event in issue and when the circum-

stances of the speaker have so changed that the inferences to be drawn from them are likely to be unjust. "But subsequent statements predicating *then existing* state of mind are properly admissible. Wigmore on Ev. (2d ed.), § 1732 (4). No hard and fast rule of admission or exclusion can be laid down. The decision must rest in the sound discretion of the trial judge. We cannot say that there was any abuse of the discretion in this instance. Fair-minded men might justifiably think the statement an expression of the thought of the defendant at the time of the fire.

The defendant's chief contention at the argument was that a verdict should have been directed in his favor because the evidence was insufficient to prove guilt with the requisite degree of certainty. There was no direct evidence that the defendant set the fire. There was much to show that he had not been in the house for hours before it was found to be burning. No one else was seen about the premises before the arrival of the firemen. Whether on their coming there were three fires which had started independently of one another or three outbreaks of fire from a single source was in dispute. The jurors viewed the premises more than a year after the burning, and were shown charred places indicative of three separate fires; they were given opportunity by examination of walls, spaces, timbers and construction to form an opinion of their own whether the burning had, in fact, one origin or more than one; and whether to accept testimony that the cause lay, as the defendant contended, in defective electric wiring or, as the Commonwealth asserted, in deliberate firing by a hand inspired by a desire to obtain the insurance. If there were three independent points at which fires started, that was strong evidence of incendiary origin. No entry by anyone other than the defendant or someone supplied with means of entry by him was indicated. The defendant when he went away left behind him a locked and vacant house. No signs of forcible entry were found. All the keys were in his possession, or in the possession of members of his family. The son, who left the house before

his father and who did not accompany the family elsewhere, changed from an old suit of clothes to a new one before he left. The wife who expected, as was testified, to return to the house that evening took a second dress with her. The jurors were not bound to accept the explanations consistent with innocence. A return to the premises by the defendant followed by a journey to rejoin the wife and children at the place in Rhode Island where, as testified, they spent the night, was not physically impossible. There was evidence of unsuccessful effort to sell the premises, of failure to pay taxes, of pressure for payment by creditors. The trial judge, in our opinion, was right in deciding that here was matter of fact for consideration by a jury; and that there was no evidence which, as matter of law, required a finding of not guilty. It follows that there was no error in denying the motion for a directed verdict.

We have examined all the assignments of error and find no prejudicial error. See *Commonwealth* v. *Alba*, 271 Mass. 333.

*Judgment affirmed.*