COMMONWEALTH *vs.* THOMAS BADER.

Middlesex.    March 5, 1934. — March 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Burning with Intent to defraud Insurer. Practice Criminal,* Ordering verdict.

No error appeared at the trial of an indictment in refusals by the trial judge to order a verdict of not guilty at the close of the opening statement to the jury by the district attorney and at the close of the evidence for the Commonwealth: the defendant could not require the judge to rule upon the legal sufficiency of the evidence until the close of all the evidence for both parties.

At the trial of an indictment for aiding, counselling and procuring the burning of the defendant's own building wilfully and with intent to defraud insurers, there was evidence that the defendant, who had no property and earned only a small sum weekly, took title to the house, giving back a mortgage for the entire purchase price, $6,000, and took over fire insurance policies for $6,500; that about a month later he procured an additional policy for $5,000, paying nothing on the premium; that about a month thereafter, shortly before the taxes and the first payment on the mortgage were due and a policy for $2,000 was to expire, the house, while vacant, was damaged by fire; that, after the fire was put out, there were discovered two unconnected holes, about five feet apart, burned through the floor of the front hall, from which the fire had burned up through the second floor; that no trace of any incendiary material or device was found after the fire;

that the electricity had been shut off from the house; that nobody could have entered the house readily without getting a key from the defendant; and that he had no enemies and nobody had threatened him. There was no evidence that the defendant was about the premises at the time of the fire, and the Commonwealth did not contend that he set it in person. *Held*, that a verdict of guilty was warranted.

INDICTMENT, found and returned on December 6, 1932, described in the opinion.

The indictment was tried in the Superior Court before *Beaudreau*, J. Material evidence is stated in the opinion. The defendant was found guilty and filed an appeal with assignments of error.

The case was submitted on briefs.

*H. W. Sullivan*, for the defendant.

*W. L. Bishop*, District Attorney, & *P. Foisy*, Assistant District Attorney, for the Commonwealth.

LUMMUS, J. The defendant was convicted of aiding, counselling and procuring the burning of his own building, wilfully and with intent to defraud insurers, in violation of G. L. (Ter. Ed.) c. 266, § 10, as redrafted by St. 1932, c. 192, § 7. See *Commonwealth* v. *Jaffas*, 284 Mass. 417. The case comes here by appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors, under G. L. (Ter. Ed.) c. 278, §§ 33A–33G. *Commonwealth* v. *McDonald*, 264 Mass. 324.

The principal errors assigned relate to the refusal of the trial judge to direct a verdict of not guilty (1) on the opening of the district attorney, (2) at the close of the evidence for the Commonwealth, and (3) at the close of all the evidence. Only the last of these three points need be considered. Until all the evidence has been closed on both sides, a defendant in a civil or criminal case cannot require the judge to rule upon the legal sufficiency of the evidence already introduced to support a verdict against him. The introduction of further evidence by either party might supply anything lacking before, and at any rate would present a new question. Whether the earlier evidence was sufficient or not would then be of no consequence. A judge is not bound to rule upon what is likely to become a moot

question. *Goodell* v. *Sviokcla*, 262 Mass. 317, 318. *Karpowicz* v. *Manasas*, 275 Mass. 413. *Meeney* v. *Doyle*, 276 Mass. 218, 221. *Household Engineers Inc.* v. *Ryder*, 277 Mass. 523. *Hall* v. *Smith*, 283 Mass. 166, 167. See also *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50, 51.

The following summarizes the evidence tending to show guilt. On July 15, 1932, the defendant was a painter, earning from $10 to $20 a week, and had no money nor property. Nevertheless, through one Elias, a friend who was a real estate broker, he took title to the house in question on that day from a savings bank which held it by virtue of a foreclosure. He paid nothing, and the bank took back a mortgage for the entire price of $6,000. He assumed the taxes, which were payable in October, and agreed to pay the interest and $50 on the principal every three months, the first payment to be made October 1, 1932. He took over from the bank fire insurance policies to the amount of $6,500, of which $2,000 was to expire in October. Instead of waiting for the expiration, on August 12, 1932, he procured through Elias an additional fire insurance policy of $5,000, paying nothing on the premium. At the time he took title, a tenant on the first floor was paying $25 rent a month, and a tenant on the second floor was paying nothing. Both tenants soon moved out, and the house remained vacant. When the defendant last visited the house, he left the doors locked. No one else had a key. He had no enemies, and no one had threatened him.

On the morning of September 17, 1932, at about half past three, a fire broke out in the house, and the firemen responded to an alarm. When they arrived, the fire had broken through the locked front door. After the fire was put out, they discovered two unconnected holes burned through the floor of the front hall, about five feet apart, from which the fire had burned up through the second floor. The front and rear doors were locked, but the side door was unlocked. There was no trace of oil, gasoline or other incendiary material or device. If any had been used, it must have been destroyed in the fire. Electric

wires were eliminated as a possible cause, for the electricity had been wholly shut off from the house. There was no evidence that the defendant was about the premises on the night of the fire, and the Commonwealth did not contend that he set it in person.

The evidence was purely circumstantial, but we think it sufficient to make the case one for the jury. The physical facts would support a finding that the fire was incendiary in origin. *Commonwealth* v. *Selesnick,* 272 Mass. 354, 359. No one could readily have entered the house without getting a key from the defendant. *Commonwealth* v. *Selesnick, supra. Commonwealth* v. *Alba,* 271 Mass. 333, 338. No one unconnected with the defendant appears to have had any motive for burning the house. The defendant, on the other hand, had a strong motive for doing so. In the ordinary course of business, he must soon lose the house by foreclosure. There was no income, and he had no resources. A fire would solve his difficulty, and probably would give him a quick profit. *Commonwealth* v. *Cooper,* 264 Mass. 368, 376, 377. *Commonwealth* v. *Selesnick,* 272 Mass. 354, 357. His conduct in procuring a large additional policy of insurance, notwithstanding his lack of funds, was very suspicious. *Commonwealth* v. *Cooper,* 264 Mass. 368, 374. *Commonwealth* v. *Selesnick, supra.* The jury might find the crime proved beyond a reasonable doubt although the inference of guilt from the facts established was not unescapable or necessary. *Commonwealth* v. *Cooper,* 264 Mass. 368, 373. *Commonwealth* v. *Alba,* 271 Mass. 333, 337. *Commonwealth* v. *Vellucci,* 284 Mass. 443.

The fourth and last assignment is to the denial of the defendant's motion for a new trial, based on the ground that the verdict was against the law, the evidence and the weight of the evidence. This assignment is not specifically argued. It has no merit, for reasons stated in *Commonwealth* v. *Osman,* 284 Mass. 421, 426, and *Mantho* v. *Nelson, ante,* 156.

*Judgment affirmed.*