## STATE v. ELMER J. CORTEAU.[1]

December 11, 1936.

No. 30,992.

[1]Reported in 270 N. W. 144.

434

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *H. T. Van Lear,* Assistant County Attorney, for the State.

*Jay W. Smith* and *T. M. Thomson,* for defendant.

I. M. OLSEN, JUSTICE.

The defendant moved, in the district court, for an order to set aside the information filed against him in that court charging him with the crime of grand larceny in the second degree. The district court denied the motion, but certified that the question of law raised by said motion was so doubtful as to require the decision of this court, and thereupon certified the matter to this court.

The record shows that on July 3, 1935, Anna Andrychowicz filed in the municipal court of the city of Minneapolis a complaint charging this defendant with the crime of grand larceny in the second degree. The record from the municipal court states that at that time a warrant was issued and returned. Nothing further appears to have been done. Apparently the defendant was not brought into court at that time. The next thing that appears in the matter is that on February 7, 1936, the defendant was subpoenaed to appear before the grand jury and was examined in reference to the charge against him and other matters, as is hereinafter more fully stated. On February 28, 1936, defendant appeared in the municipal court for examination. Bail was fixed and furnished. There were some continuances of the hearing, which was finally set for March 18, 1936. On March 18 the examination was held, and the municipal court on the next day, March 19, bound the defendant over to the district court. On that same day the county attorney filed an information against the defendant in the district court charging him with the crime stated. Defendant was brought into the district court and arraigned on March 20, 1936. On April 3, 1936, defendant made the motion to set aside the information filed, on the ground that he had been compelled by subpoena to appear before the grand jury of Hennepin county on the 7th and 11th days

of February, 1936, and had there been compelled to give testimony against himself in relation to the crime charged. The order denying this motion is the one coming here for review.

By affidavit in his motion to set aside the information the defendant stated in substance: That on the 7th day of February, 1936, he was subpoenaed to appear before the grand jury of Hennepin county, then in session, and to bring with him the books and records of the Mayor's Greater Minneapolis Committee, of which defendant was then executive secretary; that he should report to Ed J. Goff, county attorney, at his office at two p. m. that day; that he did so report, bringing with him said books and records; that he then appeared before the grand jury; that after being examined as to the work and activities of said committee he was then questioned by the foreman of the grand jury as to his dealings with Anna Andrychowicz, the complainant in this case; that he protested that he had not been subpoenaed to appear in regard to that matter, but was informed that he would be in contempt of court if he did not answer the questions; that thereupon he was asked and answered numerous questions in regard to his dealings with said Anna Andrychowicz; that he was asked if he had obtained any money from her and the amount thereof, what disposition he had made of the money, and what amount had been returned to her; that he told the grand jury in answer to said questions what amount of money he had received, what disposition had been made thereof, and how much had been repaid; that notes of his testimony were taken by a member of the grand jury. There is the further statement on information and belief that the substance of the information so obtained was communicated to the county attorney for use in preparing this case against the defendant.

Defendant was again called before the grand jury on February 11, 1936, for examination in the matter of what was known as the Strutwear strike. After examination in that matter was completed he was again asked questions about his transactions with Anna Andrychowicz, but he had in the meantime sought information as to his constitutional rights and refused to answer. The matter of the activities of the Mayor's Greater Minneapolis Committee and

defendant's connection therewith were not connected in any way with his transactions with Anna Andrychowicz.

No indictment was returned by the grand jury against defendant on the charge here involved or, so far as appears, on any charge. The grand jury could, without calling the defendant, have investigated the charge against him and, if the evidence was deemed sufficient, could have found an indictment against him. The state presented no counter-affidavit or other evidence on the hearing of defendant's motion to set aside the information, and defendant's affidavit stands uncontradicted. It is said in the state's brief that on the hearing of the motion there was an oral denial of the statements in defendant's affidavit, but the record presented does not mention any such denial.

While not of special significance here, it may be noted that when Anna Andrychowicz was examined on oath at the belated hearing in the municipal court on March 18, 1936, she testified that defendant had fully repaid her the money which he had received from her, less certain license fees which he had expended for her by agreement. She did testify that part of the money was not repaid until "after I was on the grand jury." She testified further that she would like to have the case dismissed. Her testimony was the only evidence offered at the hearing.

The delay in having the hearing in the municipal court is unexplained. The bringing of defendant before the grand jury before any hearing was had in the municipal court, and thereupon proceeding to have such hearing, bind the defendant over, and file an information against him, inferentially at least, has some bearing on the reason for the grand jury's action in examining defendant as to the charge against him. The only apparent reason for taking evidence before the grand jury, as to facts upon the criminal charge unrelated to any other matters then before the grand jury, would be to determine whether an indictment should be found against the person so being examined.

The conclusion reached is that, upon the record here presented, there was a violation of defendant's constitutional right not to be compelled to give evidence against himself, either for the purpose

of being used directly against him or for the purpose of furnishing information which would enable the state to produce other evidence and witnesses against him. The two cases in this state which most directly support the conclusion reached are State v. Gardner, 88 Minn. 130, 92 N. W. 529, and State v. Rixon, 180 Minn. 573, 231 N. W. 217, 68 A. L. R. 1501.

The order made and certified to this court by the district court of Hennepin county under date of April 8, 1936, denying defendant's motion to set aside the information against him is reversed and the information so filed set aside.

Reversed.

