COMMONWEALTH *vs.* CHARLES C. SLOANE. April 3, 1972. Sloane, formerly treasurer of a State hospital, was indicted for larceny of $671.67 from the Commonwealth. He appeals under G. L. c. 278, §§ 33A–33G, from a new conviction (on a second trial), by a judge sitting without jury. See *Commonwealth* v. *Sloane,* 357 Mass. 778, 779. There is no merit in Sloane's assignments of error. A trial judge is not bound to make a finding of not guilty (equivalent to a directed verdict) on the Commonwealth's opening. *Commonwealth* v. *Hartford,* 346 Mass. 482, 489. The judge properly admitted in evidence an answer to a police inquiry given by Sloane (after being warned of his right to remain silent) that "he had done nothing wrong; if he did do anything wrong, he would deny it, anyway." This equivocal statement was cumulative of other testimony to which no exception was saved. See *Commonwealth* v. *Hamel,* 264 Mass. 564, 569; *Commonwealth* v. *Curry,* 341 Mass. 50, 54–55. It was proper to admit the answer to a question concerning reimbursement by the Commonwealth to the payee of a Commonwealth check, the proceeds of which were allegedly stolen by Sloane. The subject was originally opened by Sloane's counsel on cross-examination. The answer to a later question during redirect examination of the payee was both obscure and harmless in content. There was evidence which, if believed, warranted findings that a check, drawn by the Commonwealth and payable to one Hayward (who had not endorsed or received it), had been cashed from canteen funds handled by a State hospital; that the check had been deposited by Sloane in the canteen's bank account; and that Sloane had been in charge of the account and the canteen funds during the crucial period. After the Commonwealth rested, the judge warrantably denied a motion, not later renewed, that Sloane be found not guilty. See *Commonwealth* v. *Bader,* 285 Mass. 574, 575–576; *Commonwealth* v. *Lussier,* 333 Mass. 83, 88. There was no fatal variance between the indictment and the proof. The Commonwealth could be found to have had a sufficient property or possessory interest in the check or its proceeds to warrant a conviction. See G. L. c. 278, § 9. See *Commonwealth* v. *Kiernan,* 348 Mass. 29, 50–51, cert. den. 380 U. S. 913. See also *Commonwealth* v. *Ladetto,* 349 Mass. 237, 247.

*Judgment affirmed.*

*Arnold W. Olsson* for the defendant.

*Charles E. Chase,* Assistant Attorney General, for the Commonwealth.