CANTON INSTITUTION FOR SAVINGS *vs.* ORIENT INSURANCE COMPANY.

IDA NEEDLEMAN & another *vs.* SAME.

Suffolk. December 9, 1937. — May 24, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Evidence,* Presumptions and burden of proof. *Fire.*

The burden of establishing a defence, at the trial of an action upon a standard Massachusetts policy of fire insurance for loss caused by a fire of incendiary origin, that the fire was caused by the plaintiff or by someone for whose conduct he was responsible, was upon the defendant.

TWO ACTIONS OF CONTRACT. Writs in the Superior Court dated June 14, 1934.

There were findings by *Hanify,* J., for the plaintiffs in the sums, respectively, of $1,136.61 and $927.80. The defendant alleged exceptions.

The cases were submitted on briefs.

*R. J. Cotter & G. B. Rowell,* for the defendant.

*L. L. Green,* for the plaintiffs.

QUA, J. The only question presented and argued by the defendant is whether in an action on a Massachusetts standard policy of fire insurance, where there is evidence that the fire was of incendiary origin, the burden of proof is upon the plaintiff to show that neither he nor any person for whose conduct he was responsible caused the fire.

This is not an open question. It is settled that the defence that the insured burned his building himself is an affirmative defence with the burden of proof upon the insurer. *Richardson* v. *Travelers Fire Ins. Co.* 288 Mass. 391. *Schmidt* v. *New York Union Mutual Fire Ins. Co.* 1 Gray, 529. *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595, 600. See form of policy as set forth in G. L. (Ter. Ed.) c. 175, § 99, as amended, and form of declaration

in G. L. (Ter. Ed.) c. 231, § 147, Forms, 10 (d). The rule
is the same in other jurisdictions. See cases collected in
Couch on Insurance, § 2220.

*Exceptions overruled.*