ADDIE G. DEMORANVILLE *vs.* STAR INSURANCE COMPANY
OF AMERICA.

Bristol.    October 29, 1945. — February 27, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Fire.    Insurance*, Fire insurance: fraud on insurer.

Evidence merely that a fire which damaged insured property was of incendiary origin, that there was thereon considerable fire insurance, $200 of which had been added about a month before the fire and after shingling and repairs, that no one but the insured and her husband had any motive to set the fire, and that, although at the time of the fire the building was vacant and locked, some of the windows could be opened from the outside, did not warrant a finding that the fire was set with the knowledge or consent of the insured.

CONTRACT.    Writ in the Third District Court of Bristol dated September 5, 1941.

The case was heard by *Potter*, J.

In this court the case was submitted on briefs.

*J. D. Kenney & S. Peltz*, for the defendant.

*G. P. Ponte*, for the plaintiff.

LUMMUS, J.    This is an action of contract on a policy of insurance to recover for a loss amounting to $668.40 caused by fire to a house and woodshed owned by the plaintiff in Freetown.    The answer set up the affirmative defence, which had to be proved by the defendant, that the fire was set by the plaintiff's husband or servant in an attempt by the plaintiff to defraud the defendant insurer.    *Canton Institution for Savings* v. *Orient Ins. Co.* 300 Mass. 243. *Bedrosian* v. *Eureka-Security Fire & Marine Ins. Co.* 318 Mass. 713, 716.

In a District Court the judge found for the defendant on the ground that "the fire was set with the knowledge or consent of the plaintiff."    He gave four rulings of law requested by the defendant to the effect that if the fire was set with the knowledge or consent of the plaintiff she could not recover.    On a report, the Appellate Division reversed

the decision, and ordered judgment for the plaintiff for the agreed amount of the loss, on the ground that the giving of those rulings was error because the protases of them could not warrantably be found true upon the evidence.

The report appears to have been a voluntary one (*East Hampton Bank & Trust Co.* v. *Collins,* 287 Mass. 218, 219) intended to raise the very question whether on the evidence a finding was warranted that the fire was set with the knowledge or consent of the plaintiff.

We think that the Appellate Division was right in holding that such a finding was not warranted. True, the fire was apparently incendiary, and there was considerable insurance, $200 of which had been added a little more than a month before the fire. And no one except the plaintiff and her husband appeared to have any motive to set the fire. But just before the insurance was increased the house, which had become unoccupied by the moving away of a tenant, had been shingled and otherwise repaired. There was nothing to show that the property was an undesirable investment. At the time of the fire the doors were locked, but some of the windows could be opened from the outside. There was "undisputed" evidence that the last time the plaintiff and her husband were at the house that was burned was two days before the fire and that the husband of the plaintiff did not set the fire. There was no evidence to show how the fire started. There was no evidence that any person went to the house on the night of the fire. In our opinion the evidence did not pass beyond suspicion and conjecture and become a rational basis for believing the plaintiff guilty. Reported cases in which the circumstances were different, and a strong motive for setting a fire was definitely shown, are to be distinguished. *Commonwealth* v. *Bader,* 285 Mass. 574. *Richardson* v. *Travelers Fire Ins. Co.* 288. Mass. 391. *Commonwealth* v. *Cavedon,* 301 Mass. 307.

There is nothing in the only question of evidence argued by the defendant. The order of the Appellate Division for judgment for the plaintiff is

*Affirmed.*