OSVALDO VARANE, INC. *vs.* LIBERTY MUTUAL INSURANCE COMPANY. June 5, 1972. In this action of contract the plaintiff seeks to recover on a fire insurance policy for a loss occurring on March 5, 1967, in a building owned by it. The case was tried before a judge sitting without a jury. At the close of the evidence, the plaintiff filed various requests for rulings. The judge denied those requests which, in substance, stated that there was not sufficient evidence to support a finding that the plaintiff or its officers intentionally caused the loss, and found that "the plaintiff, through an officer, intentionally caused the damage for which recovery is sought." He then entered a finding for the defendant. The plaintiff duly excepted. The sole issue raised by this bill of exceptions is whether there was sufficient evidence to warrant the judge's finding that the plaintiff caused the fire. The burden was on the defendant to prove by a fair preponderance of the evidence that the fire was set by agents or servants of the plaintiff corporation. *Richardson* v. *Travelers Fire Ins. Co.* 288 Mass. 391, 393. The evidence indicated that the plaintiff operated a women's apparel shop in Bradford and that one Daniel Forte was an officer and director of the corporation as well as general manager of the apparel shop. Forte's wife was the plaintiff's principal stockholder. The fire was discovered at approximately 8:17 P.M. on a Sunday evening. The store had been closed to business that day. Although Forte denied it, witnesses testified that he was seen leaving the store at approximately 7 P.M. that evening. Immediately thereafter, he drove his automobile several times past the store, and continued this driving until the time at which the fire was discovered. Expert evidence indicated that the fire had been spread by means of a liquid fire accelerant. Prior to the fire the plaintiff's business was experiencing financial difficulty. Forte had discontinued salaries for himself and his wife and had replaced the only full time employee with a part time employee. Payments to both first and second mortgagees on the store premises were in arrears. Accounts payable of the plaintiff far exceeded accounts receivable. During the few months immediately before the fire, three of the four parcels of real estate owned by Forte, including his home, suffered mortgage foreclosures. During the year prior to the fire, fourteen attachments were placed on Forte's properties. According to his own testimony, he did not then have sufficient funds "to take care of those claims." All of the above evidence, together with other evidence which cast serious doubt on Forte's credibility, warranted the judge in finding that Forte set the fire. *Commonwealth* v. *Selesnick*, 272 Mass. 354, 357, 360. *Commonwealth* v. *Bader*, 285 Mass. 574. *Richardson* v. *Travelers Fire Ins. Co.* 288 Mass. 391. The facts of this case are clearly distinguish-

able from those in *Demoranville* v. *Star Ins. Co. of America*, 319 Mass. 214, where there was "undisputed" evidence that the last time the plaintiff and her husband were at the scene of the fire was two days before the fire, where there was no evidence to show how the fire started and, finally, where it did not appear that the burned property was an undesirable investment or that the plaintiff was in financial difficulty.

*Exceptions overruled.*

*Newton H. Levee* (*Lawrence R. Cohen* with him) for the plaintiff.
*Edward J. Barshak* for the defendant.