215 N.J. Super. 278 (1987)
521 A.2d 912
ITALIAN FISHERMAN, INC., PLAINTIFF-APPELLANT, AND GARY P. FISH AND JUDY FISH, SHAREHOLDERS, PLAINTIFFS,
v.
COMMERCIAL UNION ASSURANCE COMPANY, A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT, AND HOWARD T. AIDENBAUM; MORALES, POTTER AND BUCKALEW, A NEW JERSEY CORPORATION; ROGER HUTCHINS AND RUDY JAEGER, DEFENDANTS, AND COMMERCIAL UNION ASSURANCE COMPANY, THIRD-PARTY PLAINTIFF,
v.
GARY P. FISH, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1986.
Decided February 24, 1987.
*279 Before Judges MICHELS and O'BRIEN.
Michael F. Chazkel argued the cause for appellant.
*280 Thomas McKay, III argued the cause for respondent (Cozen and O'Connor, attorneys; Thomas McKay, III and Douglas B. Lang, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiff Italian Fisherman, Inc. appeals from a judgment of the Law Division entered on a molded jury verdict in favor of defendant Commercial Union Assurance Company and from a denial of its motion for a judgment notwithstanding the verdict or, alternatively, a new trial. The pivotal issue posed by this appeal is whether, in an action on a fire insurance policy, the defenses of arson and fraud and false swearing must be established by clear and convincing evidence or by a preponderance of the evidence.
Plaintiff and its shareholders, Gary P. Fish (Fish) and Judy Fish, instituted this action to recover for a fire loss under a special multi-peril policy of insurance issued by defendant. The fire in question occurred at plaintiff's restaurant located at 411 Broadway, Point Pleasant Beach, New Jersey. Defendant denied liability as to all plaintiffs[1] and asserted several defenses, including that (1) the fire was willfully, deliberately and intentionally set by plaintiff's principal managing agent Fish and (2) plaintiff was guilty of fraud and false swearing concerning the cause and origin of the fire. Pursuant to the terms of the standard mortgagee clause in the policy, defendant paid the mortgagee, Rudy Jaeger, the $141,138.21 still owing on the mortgage on plaintiff's restaurant. As subrogee of Jaeger's right title and interest in the real property, defendant filed a counterclaim against all plaintiffs and a third-party complaint against Fish seeking to recover this money.
*281 At the conclusion of a lengthy trial, the jury found, in answer to special interrogatories submitted by the trial court, that the fire was deliberately set by Fish and that he was in control of plaintiff corporation. Based upon these findings, the trial court molded the verdict, entering judgment in favor of defendant on plaintiff's complaint and awarding defendant damages in the sum of $141,138.21, together with accumulated interest of $44,591.93 on the counterclaim and third-party complaint. Plaintiff's motion for judgment notwithstanding the verdict or, alternatively, a new trial was denied and this appeal followed.
Plaintiff contends that the judgment should be reversed and the matter remanded for a new trial because the trial court charged the jury incorrectly that defendant's burden of proving arson was by a preponderance of the evidence. Plaintiff argues that "[t]he defense of arson (insurance fraud) must be proved by clear and convincing evidence." Maintaining that defendant is, in effect, charging it with committing a crime and an act of fraud, plaintiff claims that the higher standard of proof is required to overcome the presumption of innocence of criminal conduct and lack of fraudulent intent. Plaintiff also argues that, in denying coverage on the ground that the fire was intentionally set, defendant is asserting equitable fraud as a basis for rescinding the insurance contract, and, thus, the appropriate standard of proof is by clear and convincing evidence. We disagree.
An action for reformation or recision based upon equitable fraud is clearly distinguishable from the claims asserted by defendant herein. Proof of equitable fraud renders the insurance policy void from its inception because, at the time that it was issued, the insured made certain misrepresentations or had the intent to commit a fraudulent act to collect the proceeds under the policy. See Johnson v. Metropolitan Life Ins. Co., 53 N.J. 423, 440 (1969) ("a party who wants to avoid performance of his contract because of fraud in the making of the contract must rescind it."). Defendant does not assert that *282 upon procuring the policy plaintiff intended to commit arson. Rather, defendant is claiming that plaintiff, through its principal managing agent Fish, deliberately and willfully set the fire. This case is not one of equitable fraud. It involves the affirmative defenses of arson and fraud and false swearing which, if proven, establish a violation of the standard provisions of the fire insurance policy, see N.J.S.A. 17:36-5.20, and relieve defendant from any responsibility for plaintiff's fire loss. Where, as here, the plaintiff-insured has intentionally set fire to the property covered by the policy of insurance, sound principles of public policy preclude recovery. See Ruvolo v. American Cas. Co., 39 N.J. 490, 496 (1963); Lyons v. Hartford Ins. Group, 125 N.J. Super. 239, 244 (App.Div. 1973), certif. den., 64 N.J. 322 (1974); Miller & Dobrin Furniture Co., Inc. v. Camden Fire Ins. Co. Ass'n, 55 N.J. Super. 205, 213 (Law Div. 1959). Cf. Ambassador Ins. Co. v. Montes, 76 N.J. 477, 482-483 (1978).
Defendant's evidence that plaintiff set or caused the fire to be set need not be clear and convincing, exclude any reasonable doubt or be the only reasonable explanation for the cause of the fire. The affirmative defense of arson and that of fraud and false swearing may be proven by a preponderance of the evidence. In this State, the preponderance of the evidence standard is the customary burden of proof in civil cases and is thus the appropriate standard by which affirmative defenses must be proven. See, e.g., In re Bridgewater Tp., 95 N.J. 235, 244 (1984); So. Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp., 92 N.J. 158, 222 (1983); State v. Cale, 19 N.J. Super. 397, 399 (App.Div. 1952); Miller, supra, 55 N.J. Super. at 213. There is no justification for raising the standard to require proof beyond a reasonable doubt or even proof by clear and convincing evidence in the instant case.
Here, the only questions submitted to the jury were: (1) "Was the fire deliberately set by Gary Fish on January 14, 1982?" and, if so, (2) "Was Gary Fish in control of the corporation?" Affirmative responses to both questions would establish *283 the defenses raised by defendant. The trial court specifically instructed the jury that defendant bore the burden of proof (persuasion) with respect to the affirmative defenses by a preponderance of the evidence. The trial court's instructions in this regard conformed to the standard applied by the overwhelming majority of American courts. See, e.g., Dempsey v. Auto Owners Ins. Co., 717 F.2d 556, 559 (11th Cir.1983) (under Alabama law, it "is not necessary for the insurer to prove the defense of arson beyond all reasonable doubt; a preponderance of the evidence is sufficient."); Vicksburg Furniture Mfg., Ltd. v. Aetna Cas. & Sur. Co., 625 F.2d 1167, 1170 (5th Cir.1980) (trial court did not err in concluding, under Mississippi law, that "the burden of proof that must be satisfied to establish the defense of arson is ... a preponderance of the evidence."); Miele v. Boston Ins. Co., 288 F.2d 178, 180 (8th Cir.1961) ("It is firmly settled law in Missouri that in a civil action on an insurance policy, the defense of arson by the insured need be established only by a preponderance of the evidence."); Hanover Fire Ins. Co. of N.Y. v. Argo, 251 F.2d 80, 81 (5th Cir.1957) (according to law of Georgia, burden is on insurer "to prove  but by a preponderance of the evidence only  that the fire was an incendiary one caused or procured, by the Assured."); Great Am. Ins. Co. v. K & W Log, Inc., 22 Wash. App. 468, 591 P.2d 457, 459 (Ct.App. 1979) (adopting standard of proof which Washington Supreme Court prescribed for arson cases, appellate court held that defense of willful destruction of property must be proved by a preponderance of the evidence.); Godwin v. Farmers Ins. Co. of America, 129 Ariz. 416, 631 P.2d 571, 573 (Ct.App. 1981) (in a case of first impression, Arizona appellate court adopted "majority rule that the burden of proof for the defense of arson in a civil case is satisfied by a preponderance of the evidence."); Souper Spud, Inc. v. Aetna Cas. & Sur. Co., 5 Conn. App. 579, 501 A.2d 1214, 1217-1218 (Ct.App. 1985), certif. den., 198 Conn. 803, 503 A.2d 172 (1986) (elements to establish prima facie case of arson for purposes of denying coverage under an insurance policy must *284 be proved by a preponderance of the evidence.); Dean v. Insurance Co. of North America, 453 N.E.2d 1187, 1194 (Ind. Ct. App. 1983) ("insurer raising an arson defense must establish the truth of its claim of wilful burning by the insured by a preponderance of the evidence."); Crossley v. Allstate Ins. Co., 139 Mich. App. 464, 362 N.W.2d 760, 762 (Ct.App. 1984) (insurer "must establish by a preponderance of the evidence that plaintiff either set fire to the buildings or caused such to be done."); Quast v. Prudential Property & Cas. Co., 267 N.W.2d 493, 495 (Minn. 1978) (in civil case, arson need only be shown by a preponderance of the evidence rather than beyond a reasonable doubt.); Moore v. Farmers Ins. Exchange, 111 Ill. App.3d 401, 67 Ill.Dec. 181, 186, 444 N.E.2d 220, 225 (Ct.App. 1982) (crime of arson must be established by a preponderance of the evidence in civil cases.); Sperrazza v. Cambridge Mut. Fire Ins. Co., 313 Pa.Super. 60, 459 A.2d 409, 410 (Sup.Ct. 1983) ("The burden of proving an insured's responsibility for a fire by a fair preponderance of the evidence is on the insurer."); McCorkle v. Valley Forge Ins. Co., 11 Ark. App. 41, 665 S.W.2d 898, 902 (Ct.App. 1984) (chancellor's decision that insurer failed to prove that insured had committed arson "was not clearly against a preponderance of the evidence."); Bufkin v. Texas Farm Bureau Mut. Ins. Co., 658 S.W.2d 317, 320 (Tx.Ct.App. 1983) (insurer's "burden of proof of proving arson at trial was by a preponderance of the evidence, and did not require absolute certainty that the fire was set intentionally."); Caserta v. Allstate Ins. Co., 14 Ohio App.3d 167, 470 N.E.2d 430, 435 (Ct.App. 1983) (following the law of other jurisdictions, Ohio appellate court held that affirmative defense of arson must be established by a preponderance of the evidence.); Pacific Ins. Co. of N.Y. v. Frank, 452 P.2d 794, 796 (Okl. 1969) (every fact necessary to prove the affirmative defense of arson must be proven by a fair preponderance of evidence.); Osvaldo Varane, Inc. v. Liberty Mut. Ins. Co., 362 Mass. 864, 284 N.E.2d 923, 924 (1972) (in resisting plaintiff's claim under a fire insurance policy, insurer has burden "to prove by a fair preponderance of *285 the evidence that the fire was set by agents or servants of the plaintiff corporation."); Raphtis v. St. Paul Fire & Marine Ins. Co., 86 S.D. 491, 198 N.W.2d 505, 507 (1972) ("it is only necessary in civil actions to establish the defense of incendiarism by a preponderance of the evidence."); Neises v. Solomon State Bank, 236 Kan. 767, 696 P.2d 372, 378 (1985) ("insurer's evidence [in support of a claim of arson] need only be by a preponderance of the evidence or more probably true than not."). See also 18 Couch on Insurance (2 ed. 1983) § 74: 667 at 982-983; 21 Appleman, Insurance Law and Practice, (1980) § 1229 at 252-253. Contra, Carpenter v. Union Ins. Society of Canton, Ltd., 284 F.2d 155, 162 (4th Cir.1960) (under South Carolina law, proof of arson, an act of a criminal nature asserted as a defense in a civil action, must satisfy the "clear and convincing" standard.); Mize v. Harford Ins. Co., 567 F. Supp. 550, 552 (W.D.Va. 1982) (since defense of arson charges the insured with the commission of a criminal act, "the presumption that most people are law-abiding citizens requires that such an assertion be proven by clear and convincing evidence."); Hutt v. Lumbermens Mut. Cas. Co., 95 App.Div.2d 255, 466 N.Y.S.2d 28, 30 (App.Div. 1983) ("because arson is `but one form of fraud in making [a] claim under a policy' ... and an inference of arson must be `strong and almost inevitable'... the more contemporary measure of persuasion is that of clear and convincing evidence." (Citations omitted)); Jonas v. Northeastern Mut. Fire Ins. Co., 44 Wis.2d 347, 171 N.W.2d 185, 187 n. 1 (1969) ("Evidence necessary to sustain the burden of proof in a civil case where the act in question constitutes a crime is the `middle standard of proof'  `clear, satisfactory and convincing.'").
Consequently, the trial court correctly instructed the jury that the defenses of arson and fraud and false swearing had to be proved by defendant by a preponderance of the evidence.
Plaintiff's final contention, that the trial court improperly failed to enforce a stipulation entered between counsel by *286 allowing defendant to offer surrebuttal testimony, is clearly without merit. R. 2:11-3(e)(1)(E). We are satisfied from our review of the record submitted on this appeal that the trial court properly exercised its discretion by allowing defendant to recall its expert witness, Raymond Gwin. It must be remembered that "the procedural conduct of a trial rests in the sound discretion of the trial judge and that no reversal will follow except for an abuse of that discretion." Moksvold v. Meyers, 130 N.J. Super. 481, 484 (App.Div. 1974). Here, there was not an abuse of discretion to warrant disturbing the trial court's decision.
Accordingly, the judgment and order under review are affirmed.
NOTES
[1] The trial court granted defendant's motion for partial summary judgment and dismissed the claims of the shareholder plaintiffs.