In re Stanley S. SHAW, Jr., a/k/a Stephen S. Shaw and Joyce D. Shaw, Debtors.

Massachusetts Bay Insurance Company, Plaintiff,

v.

Stanley S. Shaw, Jr., a/k/a Stephen S. Shaw, Defendant.

Bankruptcy No. 99–09818–BKC–3F7. Adversary No. 00–70.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 30, 2000.

Stanley S. Shaw, Jr., a/k/a Stephen S. Shaw, Port Orange, FL, pro se debtor.

Keith Fendrick, Annis, Mitchell, Cockey, Edwards & Roehn, Tampa, FL, for MBIC.

James T. Hargrove, Christian W. Habeersaat, Goulston & Storrs, Boston, MA, for MBIC.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on a Motion for Summary Judgment filed by Massachusetts Bay Insurance Company ("MBIC") on May 15, 2000. (Doc. 11.) MBIC filed a Memorandum of Law and an Appendix of Exhibits in support of its Motion. Stanley S. Shaw, Jr., a/k/a Stephen S. Shaw ("Debtor") filed no response to MBIC's Motion. Pursuant to the Court's Order as to Preparation, Service, and Return of Process and Establishing Motion Hearing Procedures dated February 24, 2000 (Doc. 3), when no response to a motion is filed, the Court may deem it unopposed and consented to. Nonetheless, the Court, examining MBIC's Motion for Summary Judgment on its merits, finds granting summary judgment in favor of MBIC to be appropriate.

MBIC filed a Complaint Objecting to Dischargeability of a Debt under 11 U.S.C. § 523(a)(6) on February 22, 2000. (Doc. 1.) Debtor, acting pro se, filed an Answer denying material allegations of MBIC's complaint on April 5, 2000. (Doc. 5.) MBIC's Motion contends that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, to-

gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2000). The moving party bears the initial burden of showing the court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 607 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989).

On December 30, 1998 Superior Court Justice Mitchell J. Sikora, Jr. entered Findings, Rulings, and Order for Judgment in Civil Action No. 95–1848–A in the Superior Court of the Commonwealth of Massachusetts. The Court made extensive findings and conclusions that included:

1. In April and May of 1994, Debtor solicited and hired an arsonist to burn Debtor's home while Debtor was away on vacation.

2. Prior to leaving for this vacation, Debtor moved personal property from his home into storage at a separate location.

3. On August 20, 1994, the arsonist set Debtor's house on fire.

4. Debtor willfully and intentionally withheld, concealed, and misrepresented material facts with respect to the loss and damage actually sustained.

5. Debtor engaged in fraud and false swearing that caused MBIC to pay claims submitted by Debtor.

6. Debtor's procurement of arson constitutes material misrepresentation with intent to defraud.

7. As a proximate cause of Debtor's fraudulent actions, MBIC expended resources, including $90,000.00 to cover the mortgage on Debtor's home.

Reviewing these pleadings and MBIC's Appendix of Exhibits, the Court finds that MBIC is entitled to summary judgment under 11 U.S.C. § 523(a)(6). Section 523(a)(6) provides that:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. § 523(a)(6) (2000).

The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

*Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The evidence before the Court and the issues previously litigated in Massachusetts state court meet the requirements to except this debt under § 523(a)(6).

■ The Supreme Court has made clear that the principles of collateral estoppel may apply to foreclose the relitigation of facts in an exception to discharge proceeding. *See Grogan v. Garner,* 498 U.S. 279, 285 n. 1, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). In considering whether to give preclusive effect to state court judgments, federal courts must apply that state's law of collateral estoppel. *See Vazquez v. Metropolitan Dade County,* 968 F.2d 1101, 1106 (11th Cir.1992). Collateral estoppel under Massachusetts law, also known as the judicial doctrine of issue preclusion, provides that:

> [w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*See Fireside Motors, Inc. v. Nissan Motor Corp.,* 395 Mass. 366, 479 N.E.2d 1386, 1390 (1985) (quotations omitted). *See also In re Myers,* 235 B.R. 838 (Bankr.D.S.C. 1998) (excepting debt under § 523(a)(6) upon application of Massachusetts collateral estoppel law). Collateral estoppel is applied with the purpose of conserving judicial resources, preventing the unnecessary costs associated with multiple litigation, and ensuring the finality of judgments. *See Massachusetts Property Ins. Underwriting Ass'n v. Norrington,* 395 Mass. 751, 481 N.E.2d 1364, 1367 (1985).

■ The essential elements necessary to preclude relitigation of an issue are identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction. *See Almeida v. Travelers Ins. Co.,* 383 Mass. 226, 418 N.E.2d 602, 605 (1981) (quoting *Franklin v. North Weymouth Coop. Bank,* 283 Mass. 275, 186 N.E. 641, 643 (1933)).

■ Additionally, in order for a party to be estopped from relitigating an issue regarding the dischargeability of a debt, a bankruptcy court must find that the burden of persuasion in the discharge proceeding is not significantly heavier than the burden of persuasion in the initial proceeding. *See Bush v. Balfour Beatty Bahamas, Ltd.,* 62 F.3d 1319, 1322 (11th Cir. 1995).

■ The facts and law supporting the adjudication of Debtor by the Massachusetts Court satisfy the elements of § 523(a)(6). Debtor's solicitation of arson resulted in extensive financial injury to MBIC and clearly constitutes a deliberate and malicious intentional injury toward MBIC.

Debtor initiated litigation against MBIC based on MBIC's denial of Debtor's claim for damages resulting from the arson. MBIC filed a counterclaim in this litigation. The Massachusetts Court conducted a trial and entered judgment in favor of MBIC and against Debtor who had full and fair opportunity to litigate all issues. Accordingly, the issues of fact and law were actually litigated and determined by a valid and final judgment. The Court also finds that the determinations made by the Massachusetts Court were essential to the judgment entered.

Finally, the Court addresses the weight of the burdens of persuasion. The Supreme Court has concluded that "the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan,* 498 U.S. at 281, 111 S.Ct. 654. The Massachusetts Court's Findings, Rulings, and Order for Judgment provided that MBIC "carries the burden of proving each and every essential element of his claim by a reasonable preponderance of the evidence." The Court, quoting *Osvaldo Varane, Inc. v. Liberty Mutual Ins. Co.,* 362 Mass. 864, 284 N.E.2d 923, 924 (1972), also stated that MBIC "must prove by a preponderance of the evidence that the fire was set by" Debtor. On March 8, 1999, the Massachusetts Court entered judgment in favor of MBIC and against Debtor. Accordingly, the burden of persuasion in this

discharge proceeding is not significantly heavier than the burden of persuasion in the initial proceeding.

Based on the foregoing, the Court finds that collateral estoppel prevents Debtor from relitigating the issues in this proceeding and that there is no genuine issue of material fact. Accordingly, MBIC is entitled to judgment as a matter of law. The debt owed by Debtor to MBIC will be excepted from Debtor's discharge pursuant to 11 U.S.C. § 523(a)(6) by separate judgment entered in accordance with this Order. Accordingly, it is **ORDERED**:

MBIC's Motion for Summary Judgment is **granted.**