818 A.2d 354 (2002)
359 N.J. Super. 34
The HARLEYSVILLE INSURANCE COMPANY, Plaintiff,
v.
Robert DIAMOND, Irvington Leasing, Inc., B & M Diamond, Inc., Bobby Diamond Complete Automotive Repair, Defendants.
Superior Court of New Jersey, Law Division.
July 17, 2002.
H. George Avery for plaintiff (McElroy, Deutsch & Mulvaney, attorneys).
Robert W. McAndrew, New Brunswick, for defendants.
VILLANUEVA, J.A.D. (retired and temporarily assigned on recall).
This is an action to void an insurance policy and also to obtain treble damages under the New Jersey Insurance Fraud Prevention Act ("Act"), N.J.S.A. 17:33A-1 to -30, based upon plaintiff's allegation that defendants fraudulently induced plaintiff to pay for an alleged stolen limousine. The issue involved in this opinion supplements a decision made during the trial as to the proper standard of proof under the Act: preponderance of the evidence or clear and convincing. The court determined it was the latter.
On November 19, 1999, defendant Robert Diamond reported to the Irvington police that his 1993 Lincoln Town Car Limousine was stolen between 4:30 p.m., when he observed it in front of his business premises, and 7:30 p.m. when he noticed it was missing.
Diamond filed a stolen motor vehicle claim with plaintiff, The Harleysville Insurance Company, his insurance carrier, and received a check for $15,650 from Harleysville dated January 10, 2000. Shortly thereafter, Harleysville learned from the Jersey City Police Department that they had found the limousine stripped in Jersey City on November 14, 1999, and impounded it. This caused Harleysville to file this complaint against the defendants for treble damages under the Act. The jury was asked only one question:
Has the plaintiff Harleysville Insurance Company proven by clear and convincing evidence that Robert Diamond and/or any *355 defendant knowingly misrepresented, concealed, misled, deceived, conspired and/or failed to disclose any material fact concerning the happening of the alleged incident of November 19, 1999 to The Harleysville Insurance Company?
The jury answered "No."
Legal fraud consists of five elements:
(1) a material representation by the defendant of a presently existing or past fact; (2) knowledge or belief by the defendant of that representation's falsity; (3) an intent that the plaintiff rely thereon; (4) reasonable reliance by the plaintiff on the representation; and (5) resulting damage to the plaintiff. New Jersey Economic Development Authority v. Pavonia Restaurant, Inc., 319 N.J.Super. 435, 445-46, 725 A.2d 1133 (App.Div.1998). See also Gennari v. Weichert Co. Realtors, 288 N.J.Super. 504, 535, 672 A.2d 1190 (App.Div.), leave to appeal granted, 146 N.J. 64, 679 A.2d 652 (1996), affirmed as modified, 148 N.J. 582, 691 A.2d 350 (1997).
The insurance policy which binds plaintiff, The Harleysville Insurance Company and defendants specifically states:

CONCEALMENT, MISREPRESENTATION OR FRAUD
This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any "insured," at any time, intentionally conceal or misrepresent a material fact concerning:
(a) This Coverage Form;
(b) The covered "auto";
(c) Your interest in the covered "auto"; and
(d) A claim under this Coverage Form.
An insured's misstatement is material if a reasonable insurer would have considered the misrepresented fact relevant to its concerns and important in determining its course of action. It is of no importance when the misrepresentation was made. The fact that a material misrepresentation has occurred will void and extinguish the insurance policy. Longobardi v. Chubb Ins. Co., 121 N.J. 530, 542, 582 A.2d 1257 (1990).
An additional cause of action is pleaded by the plaintiff in this matter under the Act, which provides that an insurance company has the right and duty to pursue an insured if it believes that there has been a violation of the Act. N.J.S.A. 17:33A-15.
N.J.S.A. 17:33A-4 of the Act further states:
a. A person or a practitioner violates this act if he:
(1) Presents or causes to be presented any written or oral statement as part of, or in support of or opposition to, a claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L. 1952, c. 174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or
(2) Prepares or makes any written or oral statement that is intended to be presented to any insurance company, the Unsatisfied Claim and Judgment Fund or any claimant thereof in connection with, or in support of or opposition to any claim for payment or other benefit pursuant to an insurance policy or the "Unsatisfied Claim and Judgment Fund Law," P.L.1952, c. 174 (C.39:6-61 et seq.), knowing that the statement contains any false or misleading information concerning any fact or thing material to the claim; or
* * * * * *
N.J.S.A. 17:33A-7 of the Act provides:
a. An insurance company damaged as the result of a violation of any provision *356 of this act may sue therefor in any court of competent jurisdiction to recover compensatory damages, which shall include reasonable investigation expenses, costs of suit and attorneys fees.
b. A successful claimant under subsection a. shall recover treble damages if the court determines that the defendant has engaged in a pattern of violating this act.
In each instance where a defendant knowingly misrepresented and/or concealed the happening of the incident (or services rendered or the right to seek payment) in any form whatsoever, it is to be considered a single misrepresentation. Merin v. Maglaki, 126 N.J. 430, 432, 599 A.2d 1256 (1992). Any further misrepresentations concerning the happening of the incident or right to collect payment are considered separate and additional misrepresentations for the purpose of determining a pattern of fraud under the Act. Id. at 437, 599 A.2d 1256.
With regard to the issue of fraud it is the obligation of plaintiff (defendant) to prove those allegations by clear and convincing evidence. Clear and convincing evidence is evidence that produces in the jurors' minds a firm belief or conviction that the allegations sought to be proved by the evidence are true. It is evidence so clear, direct, weighty in terms of quality, and convincing as to cause the jury to come to a clear conviction of the truth of the precise facts in issue.
The clear and convincing standard of proof requires that the result shall not be reached by a mere balancing of doubts or probabilities, but rather by clear evidence which causes the jury to be convinced that the allegations sought to be proved are true. See Model Civil Jury Charge 1.19.
There has been some debate about the burden of proof in cases involving claims of fraudcommon lawequitable or legal.[1]
Early case law would indicate that the burden of proof if equitable relief was sought is "clear and convincing." If money damages were sought the burden of proof is "preponderance." Armel v. Crewick, 71 N.J.Super. 213, 218, 176 A.2d 532 (App.Div.1961) (citing Fischetto Paper Mill Supply, Inc. v. Quigley Co., Inc., 3 N.J. 149, 152-53, 69 A.2d 318 (1949)); Batka v. Liberty Mutual Fire Ins. Co., 704 F.2d 684 (3rd Cir.1983). However, recent case law has departed from this distinction, and applied the higher "clear and convincing" standard to all actions, legal or equitable. Albright v. Burns, 206 N.J.Super. 625, 636, 503 A.2d 386 (App. Div.1986) (fraud "must be clearly and convincingly proven"). Fox v. Mercedes-Benz Credit Corp., 281 N.J.Super. 476, 484, 658 A.2d 732 (App.Div.1995) ("Fraud requires clear and convincing proof.") (citing Stochastic Decisions, Inc. v. DiDomenico, 236 N.J.Super. 388, 395, 565 A.2d 1133 (App. Div.1989), certif. denied, 121 N.J. 607, 583 A.2d 309 (1990)); See Notes from Model Civil Jury Charge 1.19. See also Biunno, Current N.J. Rules of Evidence, comment 6 to N.J.R.E. 101(b)(1)(2002).
In a recent article in the New Jersey Law Journal discussing Lithuanian Commerce Corp. v. Sara Lee Hosiery, 219 F.Supp.2d 600 (D.C.N.J.2002), tried before United States District Court Judge Stephen Orlofsky, where the issue was raised *357 whether "legal fraud must be proved by clear and convincing evidence, not merely by a preponderance of the evidenceat least until another judge rules otherwise" the article stated:
U.S. District Judge Stephen Orlofsky is the latest to rule on the murky question, which, he observed, "has divided six District Court Judges of the United States Court for the District of New Jersey, and resulted in the filing of two inconsistent opinions, by two different panels of the Third Circuit."
"The weight of authority supports the conclusion that claims of legal fraud in New Jersey must be proven by clear and convincing evidence." Orlofsky wrote. "The Third Circuit's holding in Lightning Lube [Inc. v. Witco Corp., 4 F.3d 1153] that the preponderance of the evidence standard applied to such claims has been undermined by several lines of authority which have developed since the filing of that decision in 1993." He cited the New Jersey Supreme Court's ruling in Gennari v. Weichert, 148 N.J. 582 [691 A.2d 350] (1997), and the Third Circuit case of In re Resorts International Inc., 181 F.3d 505 (1999). [169 N.J.L.J. 706 (Aug. 19, 2002).]
In Gennari v. Weichert Co. Realtors, supra, the Appellate Division held that proof of a claim under the Consumer Fraud Act, N.J.S.A. 56:8-2, where treble damages could be recovered, was accomplished by clear and convincing evidence, even though there is no indication that the Legislature intended more than a preponderance standard to apply to claims under the Act. 288 N.J.Super. at 541, 672 A.2d 1190.
Therefore, this court ruled that since Harleysville was seeking relief under the Act, it had to satisfy the burden of proof by clear and convincing evidence.
NOTES
[1] This opinion does not address the standard of proof when an insurance company merely seeks to void coverage under the policy for whatever reason. Cf. Proof of the affirmative defense of arson and fraud which, if proven, establish a violation of the standard provisions of the insurance policy need only to be proven by a preponderance of the evidence, not by clear and convincing evidence. Italian Fisherman v. Commercial Un. Assur., 215 N.J.Super. 278, 282, 521 A.2d 912 (App.Div. 1987).