**LITHUANIAN COMMERCE CORPORATION, LTD.,**
Plaintiff,

v.

**SARA LEE HOSIERY, Sara Lee Hosiery International, Sara Lee International and Sara Lee Corporation,** Defendants,

v.

**Algis Vasys and Laima Zajanckauskiene, Additional Counterclaim Defendants.**

**Civil Action No. 96–1949.**

United States District Court,
D. New Jersey.

Aug. 12, 2002.

Gregory D. Saputelli, James R. Thompson, Eric G. Fikry, Obermayer, Rebmann, Maxwell & Hippel, LLP, Cherry Hill, NJ, for Plaintiff.

Neil C. Schur, Stevens & Lee, P.C., Cherry Hill, NJ, Carl W. Hittinger, Donald E. Wieand, Stevens & Lee, P.C., Philadelphia, PA, for defendants Sara Lee Hosiery and Sara Lee Corporation.

## OPINION

ORLOFSKY, District Judge.

## I. INTRODUCTION

This hotly contested and protracted lawsuit, which has generated six published opinions,[1] numerous unpublished and bench opinions[2] of this Court, as well as one unpublished Opinion of the United States Court of Appeals for the Third Circuit,[3] has now presented a difficult question of New Jersey law, which has divided

---

1. *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* —— F.Supp.2d ——, Civ. A. No. 96–1949, 2002 WL 1751054 (D.N.J. Jul.30, 2002); *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 202 F.Supp.2d 371 (D.N.J.2002); *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 47 F.Supp.2d 523 (D.N.J.1999); *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 23 F.Supp.2d 509 (D.N.J.1998); *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 179 F.R.D. 450 (D.N.J.1998); *Lithuanian Commerce Corp.· v. Sara Lee Hosiery,* 177 F.R.D. 205 (D.N.J.1997).

2. *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 202 F.Supp.2d 371 (D.N.J.2002); *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* Civ. A. No. 96–1949 (D.N.J. Feb. 13, 2002); *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* Civ. A. No. 96–1949 (D.N.J. Aug. 2, 1999).

3. *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* Nos. 99–5347 & 99–5742, slip op., at 16 (3d Cir. Sept. 11, 2000).

six District Court Judges of the United States District Court for the District of New Jersey, and resulted in the filing of two inconsistent Opinions, by two different panels of the Third Circuit. The question presented is elegant in its deceptive simplicity: What is the standard of proof which governs an action for legal fraud in New Jersey, that is, must legal fraud be proven by a "preponderance of the evidence," or by "clear and convincing" evidence? For the reasons set forth below, I conclude that the most recent decision of the New Jersey Supreme Court to address this issue dictates the conclusion that the clear and convincing standard of proof applies to claims of legal fraud in New Jersey.

## II. DISCUSSION

With the end of the six-year odyssey of this case in sight after seven weeks of trial, counsel, who have aggressively litigated this matter through one trial, an appeal, and now a lengthy retrial, have drawn their litigation swords once again, this time, over the standard of proof applicable to the Plaintiff, Lithuanian Commerce Corporation's ("LCC") fraud claim.

During a jury charge conference of several hours conducted on Thursday, August 8, 2002, LCC argued that the Court had erroneously ruled that LCC was required to prove its common law fraud claim by clear and convincing evidence. LCC contended that the preponderance of the evidence standard, not the clear and convincing standard, should apply. In support of its argument, LCC directed the Court's attention to a 1993 Third Circuit Opinion, *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153 (3d Cir.1993), as well as to a Third Circuit Opinion from ten years earlier, *Batka v. Liberty Mut. Fire Ins. Co.,* 704 F.2d 684, 688 (3d Cir.1983), and an opinion of the United States District Court

for the District of New Jersey, *Automated Salvage Transport, Inc. v. NV Koninklijke KNP BT,* 106 F.Supp.2d 606 (D.N.J.1999)(Wolin, J.).

In a Bench Opinion, delivered on Friday, August 9, 2002, I ruled that because LCC was seeking monetary damages, its claim was one for legal fraud, and was therefore governed by the "clear and convincing" standard of proof. Tr. at 4125:23–4126:4, Hr'g before Hon. Stephen M. Orlofsky, *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* —— F.Supp.2d ——, Civ. A. No. 96–1949 (D.N.J. Aug. 9, 2002).

At approximately 6:30 p.m. on Friday, August 9, 2002, the Court received a fax from LCC's counsel, urging me to reconsider my ruling concerning the applicable standard of proof for LCC's fraud claim, again citing the Third Circuit's Opinion in *Lightning Lube.*

On Saturday, August 10, 2002, I contacted counsel by telephone and requested that counsel for Defendant, Sara Lee Corporation ("Sara Lee"), submit a written response to LCC's request by noon on Sunday, August 11, 2002. Sara Lee faxed its response to the Court as requested at noon on Sunday, August 11, 2002. Sara Lee argued that the Court's previous ruling that LCC must prove its claim of legal fraud by clear and convincing evidence was correct in light of the weight of authority in the New Jersey state courts, and the federal courts of this Circuit, which have addressed the issue.

In the same fax, Sara Lee also asked the Court to reconsider its Jury Charge concerning Breach of Express Warranty, pursuant to N.J. Stat. Ann. § 12A:2–313, Charge No. 27, at ¶ 6. Sara Lee contends that under § 12A:2–313 (2), an assertion of value cannot create an express warranty.

As explained more fully below, I conclude that the Third Circuit's holding in

*Lightning Lube* that the "preponderance of the evidence" standard applies to claims of legal fraud under New Jersey law, has been overruled by the New Jersey Supreme Court's holding in *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 691 A.2d 350 (1997), and the Third Circuit's subsequent holding in *In re Resorts Int'l, Inc.*, 181 F.3d 505 (3d Cir.1999), *cert. denied*, *sub nom.*, *Sun Int'l N. Am. v. Lowenschuss*, 528 U.S. 1021, 120 S.Ct. 531, 145 L.Ed.2d 411 (1999), both of which hold that the more demanding standard of "clear and convincing" evidence is the correct burden of proof for claims of legal fraud. I further conclude that N.J. Stat. Ann. § 12A:2–313 provides that statements concerning the value of goods may not create express warranties. Thus, LCC may not base its breach of express warranty claim on the allegation that Sara Lee represented that the Mexican-made pantyhose which are the subject of this dispute had a value of $21.64 per dozen.

## A. STANDARD OF PROOF FOR LEGAL FRAUD IN NEW JERSEY

█ In support of its argument that it need only prove its claim of legal fraud by a preponderance of the evidence, LCC relies upon the Third Circuit's Opinion in *Lightning Lube.* In that case, the Third Circuit held: "A plaintiff asserting a claim of legal fraud must show that the defendant acted with scienter, but only need prove the elements of fraud by a preponderance of the evidence." *Lightning Lube*, 4 F.3d at 1182–83 (citing *Batka v. Liberty Mutual Fire Ins. Co.*, 704 F.2d 684, 688 (3d Cir.1983))(internal citations omitted). LCC also cites to the Third Circuit's 1983 Opinion in *Batka*, relied upon by the Court of Appeals in *Lightning Lube*. *Batka* addressed the question of which standard of proof applied to a defendant insurance company's affirmative defense of fraud in an insurance application. After discussing the different standards of proof applicable to equitable and legal fraud under New Jersey law, the Third Circuit concluded: "In a suit for money damages for fraud, the plaintiff need only prove a case by a preponderance of the evidence. In order to obtain equitable relief such as rescission, however, clear and convincing proof is required." *Batka*, 704 F.2d at 688. Finally, LCC cites to a 1999 District of New Jersey decision which also held the preponderance of the evidence standard applicable to claims for legal fraud, citing *Lightning Lube. Automated Salvage Transp. v. NV Koninklijke KNP BT*, 106 F.Supp.2d at 623 (D.N.J.1999)(Wolin, J.).

In the forty-eight hours that have passed since the issue was raised by LCC, I have conducted a comprehensive review of the relevant federal and New Jersey case law which addresses the issue of what burden of proof applies to claims of legal fraud under New Jersey law. The result of that survey has revealed that the state of the law concerning the proper standard of proof applicable to claims of legal fraud under New Jersey law is not well-settled. There appear to be two distinct lines of cases, with contradictory holdings. One line of cases, which largely cite to the Third Circuit's *Lightning Lube* Opinion, conclude that while the clear and convincing standard of proof applies to claims of equitable fraud, the preponderance of the evidence standard applies to claims of legal fraud. *See e.g., Automated Salvage, supra; Marsellis–Warner Corp. v. Rabens*, 51 F.Supp.2d 508, 521 (D.N.J.1999)(Lechner, J.); *Italian Fisherman, Inc. v. Comm. Union Assur. Co.*, 215 N.J.Super. 278, 282, 521 A.2d 912 (App.Div.1987)(preponderance of evidence standard applies to affirmative defense of fraud).

The other line of cases, which largely cite to the New Jersey Superior Court, Appellate Division's holding in *Stochastic Decisions, Inc. v. DiDomenico*, 236 N.J.Super. 388, 565 A.2d 1133 (App.Div. 1989), hold that claims of legal fraud must be proven by "clear and convincing" evidence. *See e.g., In re Resorts Int'l, Inc.*, 181 F.3d 505, 509 (3d Cir.1999); *Atlantic City Racing Ass'n v. Sonic Finan. Corp.*, 90 F.Supp.2d 497, 504 (D.N.J.2000)(Brotman, J.); *Waterloov Gutter Prot. Sys. Co. v. Absolute Gutter Prot., LLC*, 64 F.Supp.2d 398, 417–18 (D.N.J.1999)(Orlofsky, J.); *Alexander v. CIGNA Corp.*, 991 F.Supp. 427, 435 (D.N.J.1998)(Greenaway, J.); *Diaz v. Johnson Matthey, Inc.*, 869 F.Supp. 1155, 1164–65 (D.N.J.1994)(Irenas, J.); *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610, 691 A.2d 350 (1997); *McConkey v. AON Corp.*, 804 A.2d 585, 2002 WL 1610265, at *9 (N.J.Super.Ct.App.Div. July 23, 2002); *New Jersey Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 319 N.J.Super. 435, 445, 725 A.2d 1133 (App.Div.1998); *Simpson v. Widger*, 311 N.J.Super. 379, 392, 709 A.2d 1366 (App.Div.1998); *Fox v. Mercedes–Benz Credit Corp.*, 281 N.J.Super. 476, 484, 658 A.2d 732 (App.Div.1995); *Baldasarre v. Butler*, 254 N.J.Super. 502, 521, 604 A.2d 112 (App.Div.1992).

The weight of authority supports the conclusion that claims of legal fraud in New Jersey must be proven by clear and convincing evidence. The Third Circuit's holding in *Lightning Lube* that the preponderance of the evidence standard applies to such claims has been undermined by several lines of authority which have developed since the filing of that decision in 1993.

First, the 1997 decision of the New Jersey Supreme Court in *Gennari*, which was issued four years after *Lightning Lube*, adopted the clear and convincing standard for claims of legal fraud. 148 N.J. at 610, 691 A.2d 350. Second, the Third Circuit itself in *Resorts International* applied the clear and convincing standard to a claim of fraud, six years after its decision in *Lightning Lube*. 181 F.3d at 509. In *Resorts International*, plaintiff was seeking monetary damages for losses resulting from a stock transaction, and therefore presented a claim of legal, not equitable fraud.[4] *Resorts Int'l*, 181 F.3d at 507. In applying the clear and convincing standard to the legal fraud claim, the Third Circuit made no reference to its *Lightning Lube* or *Batka* decisions, but instead, relied on *Stochastic*, 236 N.J.Super. at 395, 565 A.2d 1133, the same case upon which I relied in my Bench Opinion of August 9, 2002, in ruling that the clear and convincing standard applied to LCC's fraud claim. 181 F.3d at 509.

At least four decisions issued by the Appellate Division of the New Jersey Superior Court after *Lightning Lube* was decided in 1993, have adopted the clear and convincing standard. *McConkey*, 804 A.2d at 585, 2002 WL 1610265 at *9; *New Jersey Econ. Dev. Auth.*, 319 N.J.Super. at 445, 725 A.2d 1133; *Simpson v. Widger*, 311 N.J.Super. 379, 392, 709 A.2d 1366

4. There can be no doubt that the Third Circuit was analyzing a claim of legal fraud, as opposed to one for equitable fraud. It set forth the elements of legal fraud in New Jersey, which include proof of intent, rather than the elements of equitable fraud, which, under New Jersey law, do not include proof of intent. *Resorts Int'l*, 181 F.3d at 509 (citing *Jewish Ctr. v. Whale*, 86 N.J. 619, 432 A.2d 521 (1981))("To establish a prima facie case for fraud under New Jersey law, Resorts was required to prove: (1) that Lowenschuss made a material misrepresentation of a presently existing or past fact, (2) which he knew or believed to be false, (3) *upon which he intended Resorts to rely*, (4) and upon which Resorts reasonably did rely, (5) with resulting damages.")(emphasis added).

(App.Div.1998); *Fox*, 281 N.J.Super. at 484, 658 A.2d 732. Six District Court judges in the District of New Jersey have considered the issue since *Lightning Lube* was decided in 1993. Four have concluded that the clear and convincing standard applies, *Atlantic City Racing Ass'n*, 90 F.Supp.2d at 504 (Brotman, J.); *Waterloov Gutter*, 64 F.Supp.2d at 417–18 (Orlofsky, J.); *Alexander*, 991 F.Supp. at 435 (Greenaway, J.); *Diaz*, 869 F.Supp. at 1164–65 (D.N.J.1994)(Irenas, J.). Only two of my distinguished colleagues have concluded, relying on *Lightning Lube*, that the preponderance of the evidence standard applies. *Automated Salvage*, 106 F.Supp.2d at 623 (Wolin, J.); *Marsellis–Warner*, 51 F.Supp.2d at 521 (Lechner, J.).

■ As a federal court exercising diversity jurisdiction over this case, I am bound to apply the relevant New Jersey law as promulgated by the New Jersey Supreme Court. The New Jersey Supreme Court's decision in *Gennari*, filed in 1997, four years after the Third Circuit's Opinion in *Lightning Lube*, clearly held that the clear and convincing standard of proof was applicable to claims of legal fraud. In so doing, as the final arbiter of New Jersey law, the New Jersey Supreme Court overruled *Lightning Lube* on that issue. Indeed, by applying the clear and convincing standard in its 1999 decision in *Resorts International*, the Third Circuit contradicted *Lightning Lube's* application of the preponderance of the evidence standard to claims of legal fraud in New Jersey. Notwithstanding these inconsistent decisions of the Third Circuit, I am bound to apply the New Jersey Supreme Court's decision in *Gennari*, which was decided after *Lightning Lube*, but before *Resorts International*.

I conclude therefore, that LCC must prove its claim of fraud against Sara Lee by clear and convincing evidence. Accord-ingly, LCC's objections to Charge Nos. 8, 33, and Special Interrogatory 5 are overruled and Charge Nos. 8, 33, and Special Interrogatory 5 shall remain unchanged.

## B. JURY CHARGE NO. 27: BREACH OF EXPRESS WARRANTY

■ A second eleventh hour issue was raised by Sara Lee in its Sunday afternoon fax concerning Jury Charge No. 27: Breach of Express Warranty. The determination of this issue, however, is easily resolved by consulting the text of New Jersey's Uniform Commercial Code ("U.C.C."), N.J. Stat. Ann. § 12A:2–313(2), which governs the creation of express warranties.

Jury Charge No. 27, Breach of Express Warranty, includes the following language:

Here, LCC contends that Sara Lee made several representations about the pantyhose which became part of the "basis of the bargain," and thus, created express warranties as to the specifications of the pantyhose. LCC contends that Sara Lee represented that: (1) the specifications of the Mexican pantyhose were exactly the same as they are in the U.S.; (2) the pantyhose were L'eggs pantyhose, made in the plant in Mexico, but to U.S. specifications; (3) the pantyhose were not defective; and, (4) the pantyhose would have a value to LCC of $21.64 per dozen, or $920,349.20, to LCC, that being LCC'S average wholesale cost for the quantity of product delivered as represented by Sara Lee. Sara Lee disputes each of these contentions.

In its fax to the Court of Sunday, August 11, 2002, Sara Lee objected to the inclusion of the following language in the above charge: "(4) the pantyhose would have a value to LCC of $21.64 per dozen, or $920,349.20, to LCC, that being LCC'S

average wholesale cost for the quantity of product delivered as represented by Sara Lee," arguing that statements about the value of goods cannot create express warranties.

■ Section 12A:2–313 provides, in pertinent part:

It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, *but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.*

N.J. Stat. Ann. § 12A:2–313 (2)(emphasis added). Thus, in contracts for the sale of goods governed by New Jersey's U.C.C., a seller's statement about the value of goods cannot create a warranty. *Simpson v. Widger*, 311 N.J.Super. 379, 388, 709 A.2d 1366 (App.Div.1998)(statements by seller about the value of horse could not create warranty under § 12A:2–313 (2)).

Accordingly, because Sara Lee's alleged statements about the value of the Mexican pantyhose cannot create an express warranty, the following language from Jury Charge No. 27 shall be deleted: "(4) the pantyhose would have a value to LCC of $21.64 per dozen, or $920,349.20, to LCC, that being LCC'S average wholesale cost for the quantity of product delivered as represented by Sara Lee."